[Civ. No. 19188.   First Dist., Div. One.   Jan. 30, 1961.]

MARIE L. SMITH, Appellant, v. BANK OF AMERICA
NATIONAL TRUST AND SAVINGS ASSOCIATION
(a National Banking Association), as Executor, etc., Re-
spondent.

James M. French and Allan L. Sapiro for Appellant.

Wallace, Garrison, Norton & Ray and R. I. McCarthy for Respondent.

DUNIWAY, J.—Plaintiff appeals from a judgment against her in an action upon a promissory note. The court found that the signature on the note was not the signature of defendant executor's decedent, but was a fraudulent writing placed thereon by some person unknown.

Appellant attacks the finding. However, it is fully sustained by the testimony of an expert who described his qualifications at length. Appellant then stipulated that he was qualified. The expert compared the signature with photostats of two exemplars on documents signed by decedent and filed in the United States District Court. (Decedent Ernest Torregano, of whose will the respondent bank is executor, was a practicing attorney.) The note is dated July 28, 1937. The exemplars were dated April 8, 1939, and May 7, 1937. The witness stated "the person who signed" the note "is not the same writing and not the same person who signed" the exemplars.

Appellant claims that respondent's counsel admitted that the signature was genuine, and that the opinion is worthless because the expert took only 15 minutes, in the courtroom, to compare the signatures, used photostats as exemplars, did not make photographs or photographic enlargements of the questioned signature, and did not make microscopic examinations of it. The witness' answers were, in substance, that in some cases such things are necessary, and that in some cases photostats are not adequate for comparison, but that in this case none of these things were important because the forgery was so crude and obvious. "I think the answer in this case is a very simple problem and I think it could be done that way [by looking at the photostats and the original] and has been so far as I am concerned, and that's the way I did it." "And these signatures on this note are just about, well, in my opinion, somebody just didn't know how to even go about it. It isn't even a close imitation of the genuine handwriting." Nor did respondent's counsel admit the genuineness of the signature. He merely stated that he thought appellant was "telling the truth, generally" and that he personally could not say whether the signature was genuine or not. There being ample, competent testimony to sustain the finding, we are bound by it.

The only other contention is that the court erroneously excluded appellant's testimony under Code of Civil

Procedure, section 1880, subdivision 3. The record, however, shows that, after a colloquy, all of the testimony came in, over respondent's objection. There is nothing in the point.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.